## TOWNSHIP OF ROCKAWAY v. BOARD OF FREEHOLDERS OF THE COUNTY OF MORRIS.

Submitted March 18, 1902—Decided June 9, 1902.

Where the board of freeholders of a county is legally responsible for the support and maintenance of a pauper who is ill with smallpox, and, by its refusal to perform its duty in that regard, makes it necessary for the township committee, of the township in which the pauper has his legal residence, to maintain and support him, the township committee is entitled to recover, from the board of freeholders, the moneys expended by it for that purpose. It is not, however, entitled to recover, from the board of freeholders, moneys expended by it in maintaining a quarantine for the purpose of preventing the spread of the disease with which the pauper is afflicted, there being no duty resting upon the board to establish or maintain such quarantine.

---

On demurrer to declaration. On case certified from the Morris Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Ford D. Smith.*

For the demurrant, *Charles A. Rathbun.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration discloses the following situation: Columbus Blanchard and family were residents of Rockaway township, and being, all of them, sick of smallpox, and so poor as to be unable to provide for themselves, application was made in their behalf to the overseer of the poor of said township for relief. He in turn applied to a justice of the peace, under the statute. The justice, upon evidence adduced, determined the legal settlement of said poor persons to be in that township, and ordered the overseer to remove them to the poorhouse of the county of Morris, and to deliver them there, with the order of removal, to the poorhouse steward. The overseer tendered to the steward the warrant of removal, with a copy of proofs attached, informed him of the condition and sickness of Blanchard and his family, and requested him to receive them into the poorhouse, which request was refused. The township committee and its assessor (who compose the local board of health of the township) then took charge of Blanchard and his family, quarantined them, and provided them with necessary medical attendance, nurses and medicines.

The action is brought by the township to recover from the county the moneys thus expended by the former.

The thirty-second section of the act to incorporate chosen freeholders in the respective counties of this state provides that when the board of freeholders shall have purchased or built a county poorhouse, the poor of the county shall be sent to and kept in such poorhouse at the charge and expense of the county. *Gen. Stat., p.* 414. The thirty-first section of the act for the settlement and relief of the poor requires the

overseer of the poor of the township, upon proceedings had before a justice of the peace, such as are set out in this declaration, to deliver the poor person named in the order of removal to the steward of the county poorhouse.  *Gen. Stat.,* p. 2513.

The facts set out by the plaintiff in its declaration show a practical compliance with this provision of the Poor act by the overseer of the poor of Rockaway township, for the refusal of the steward of the poorhouse to receive Blanchard and his family was a waiver of their actual delivery to him by the overseer, and, this being so, the county thereby became charged with the expense of thereafter maintaining them.

So much, therefore, of the moneys sought to be recovered in this action as were expended by the township in the support and maintenance of these poor people it is entitled to be repaid by the county.

But the moneys expended in maintaining a quarantine of these smallpox patients, and in preventing the spread of that disease, stand upon another footing.  By virtue of the provisions of a supplement to the Board of Health act, approved March 29th, 1892, the local board of health in any city, borough, town or other local government (and this latter includes townships), when conditions such as are set out in the declaration exist, are authorized to expend such sums as, in their judgment, are necessary for the protection of the public health, and the local municipal authorities are given power to pay to the local board of health the moneys necessary for such expenditure.  *Gen. Stat.,* p. 1645, § 52.

The expense of maintaining a quarantine having been incurred by the township committee and the township assessor, in their capacity as the local board of health, they are entitled to have the moneys necessary to defray this expense paid to them out of the funds of the township, and not out of the county treasury; and there is nothing in the statute which requires the county to reimburse the township for such expenditures.

This portion of the plaintiff's claim, therefore, is without legal merit.

It appearing upon the face of the declaration that the plaintiff is entitled to be paid by the defendant a portion of the moneys sued for, a legal cause of action is disclosed.

The demurrer should be overruled, with costs to the plaintiff.

The Morris Circuit Court is so advised.